RECORD NO. 13-4954

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANTONIO SHAKUR TUCKER,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT GREENVILLE

**OPENING BRIEF OF APPELLANT
ANTONIO SHAKUR TUCKER**

Raymond C. Tarlton
TARLTON LAW PLLC
208 North Harrington Street
Raleigh, North Carolina 27601
(919) 890-3079
tarlton@tarltonlaw.com

*Counsel for Appellant*

March 31, 2014

# TABLE OF CONTENTS

Page

Table of Cases, Statutes, and Authorities ................................................................. iii

Statement of Jurisdiction ............................................................................................. 1

Issues Presented for Review ........................................................................................ 2

Statement of the Case .................................................................................................. 3

Statement of Facts ....................................................................................................... 4

Summary of Arguments ............................................................................................. 10

Arguments:

    I.  Mr. Tucker's Sentence Is Procedurally Unreasonable Because The Sentencing Judge Did Not Properly Consider All Of His Arguments For A Lower Sentence ..........................................................12

        Standard of Review ...................................................................... 12

        Argument ...................................................................................... 13

    II.  Mr. Tucker's Sentence Under 18 U.S.C. § 924(e) Should Be Vacated Because The Allegation Of His Three Prior Violent Felony Convictions Was Neither Admitted In The Plea Colloquy Nor Proven To A Jury Beyond A Reasonable Doubt ............................19

        Standard of Review ...................................................................... 19

        Argument ...................................................................................... 19

Conclusion ................................................................................................................. 22

Statement Regarding Oral Argument ........................................................................ 23

i

Certificate of Compliance with Typeface and Length Limitations .........................24

Certificate of Filing and Service .............................................................................25

# TABLE OF AUTHORITIES

## CASES

*Alleyne v. United States,*
    ___ U.S. ___, 135 S. Ct. 2151 (2013) ...................................11, 20, 21

*Almendarez-Torres v. United States,*
    523 U.S. 224 (1998)...................................................11, 20, 21, 22

*Apprendi v. New Jersey,*
    530 U.S. 466 (2000)...........................................................19, 20, 21

*Descamps v. United States,*
    ___ U.S. ___, 133 S. Ct. 2276 (2013) ..........................................21

*Gall v. United States,*
    552 U.S. 38 (2007).......................................................12, 13, 14, 16

*Harris v. United States,*
    536 U.S. 545 (2002).........................................................................20

*Rita v. United States,*
    551 U.S. 338 (2007)...................................................14, 15, 16, 17

*Shepard v. United States,*
    544 U.S. 13 (2005)..........................................................................21

*United States v. Booker,*
    543 U.S. 225 (2005)........................................................................12

*United States v. Carter,*
    564 F.3d 325 (4th Cir. 2009) .......................................13, 14, 18, 19

*United States v. Curbelo,*
    343 F.3d 273 (4th Cir. 2003) ........................................................18

*United States v. Lynn,*
    582 F.3d 572 (4th Cir. 2010) ...........................................13, 16, 18

*United States v. McDowell*,
 No. 13-4370, 2014 U.S. App. LEXIS 4506 (4th Cir. Mar. 11, 2014).......11, 21

*United States v. Mendoza-Mendoza*,
 597 F.3d 212 (4th Cir. 2010) ...................................................................12

*United States v. Thompson*,
 421 F.3d 278 (4th Cir. 2005) ...................................................................19

## STATUTES

18 U.S.C. § 922(g)(1)...............................................................................2, 3, 5
18 U.S.C. § 922(j) ..........................................................................................3
18 U.S.C. § 924(e) ..................................................................4, 5, 6, 7, 8, 9, 19
18 U.S.C. § 3231 .............................................................................................1
18 U.S.C. § 3553(a) ..................................................................4, 9, 10, 13, 14
18 U.S.C. § 3553(a)(1)...................................................................................15
18 U.S.C. § 3553(a)(2)(D) .............................................................................14
18 U.S.C. § 3742(a) .........................................................................................1
28 U.S.C. § 1291 .............................................................................................1

## RULES

Fed. R. App. P. 4(b)(1)....................................................................................1
Fed. R. App. P. 4(b)(6)....................................................................................1

## OTHER AUTHORITIES

U.S.S.C., *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 12 and Exhibit 9 (May 2004), *available at* www.ussc.gov/research_and_statistics/research_publications/2004/200405_recidivism_criminal_history.pdf (March 30, 2014).........................................................16

## STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction under 18 U.S.C. § 3231. This Court's appellate jurisdiction is pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).   In this criminal case, Appellant Antonio Shakur Tucker was sentenced on December 10, 2013.   (J.A. 24).   He filed a timely notice of appeal on December 13, 2013.   (J.A. 50); *see* Fed. R. App. P. 4(b)(1), (b)(6).   This appeal is from a final judgment that disposes of all of Mr. Tucker's claims before the lower court.

1

## ISSUES PRESENTED FOR REVIEW

I.    Whether Mr. Tucker's sentence should be set aside as procedurally unreasonable because the district court failed to properly consider all of his arguments for a lower sentence.

II.    Whether, when the allegation of Mr. Tucker's three prior violent felony convictions was neither admitted by him in the plea colloquy nor proven beyond a reasonable doubt, his minimum and maximum sentences for violating 18 U.S.C. § 922(g)(1) could be increased.

## STATEMENT OF THE CASE

On April 17, 2013, a grand jury sitting in the Eastern District of North Carolina indicted the appellant, Antonio Shakur Tucker, on charges of violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm and violating 18 U.S.C. § 922(j), possessing a stolen firearm.   (J.A. 9).   Mr. Tucker pled guilty, without a plea agreement, to both counts of the indictment, (J.A. 19), and, on December 10, 2013, after Mr. Tucker argued for a 188 month (i.e., 15 years and 8 months) sentence, the district court sentenced him to imprisonment for a term of 210 months for the count charging him with being a felon in possession of a firearm and to imprisonment for a concurrent term of 120 months for the count charging him with possessing a stolen firearm, the total term of imprisonment being 210 months.   (J.A. 24-44).   Mr. Tucker was also sentenced to a term of five (5) years of supervised release on the first count charging felon in possession of a firearm and to a concurrent term of three (3) years of supervised release on the second count charging possession of a stolen firearm, for a total supervised release term of five (5) years.   (J.A. 46).

Three days later, Mr. Tucker timely appealed his sentence to this Court. (J.A. 50).

## STATEMENT OF THE FACTS

The issues presented in this appeal arise from the district court's failure to consider all of Mr. Tucker's arguments under the 18 U.S.C. § 3553(a) sentencing factors for a lower sentence than the one ultimately received and from its designation of Antonio Shakur Tucker as an armed career criminal pursuant to 18 U.S.C. § 924(e).   Mr. Tucker will argue that the district court erred by failing to properly consider, and explain any rejection of, Mr. Tucker's arguments for a specific sentence at the low end of the advisory guidelines range, i.e., 188 months imprisonment, prior to the district court sentencing him to 210 months imprisonment, which was within the advisory guidelines range.

Additionally, Mr. Tucker will argue that the district court erred by increasing his mandatory minimum and maximum terms of imprisonment and sentencing him as an armed career criminal, when the allegation of his three prior violent felony convictions was neither admitted by him in the plea colloquy nor proven to a jury beyond a reasonable doubt.   The facts relevant to this appeal follow.

According to the Pre-Sentence Report ("PSR"), on October 24, 2012, a person who lived on Butterfield Lane in Wilson, North Carolina saw someone, presumably a stranger, leaving their neighbor's house and called the police to

report a break-in.   (J.A. 54).[1]   A little while later, Mr. Tucker was detained by the police while walking in the area.   *Id*.   A digital scale, shoes, a camera, and a loaded Hi-Point 9 millimeter pistol were seized.   *Id*.   Mr. Tucker's arrest resulted in the police being able to recover all of the stolen items.   *Id*.

On April 17, 2013, a federal grand jury indicted Mr. Tucker for being a felon in possession of a firearm and for possessing a stolen firearm.   18 U.S.C. § § 922(g)(1) and (j).   (J.A. 9-10).   While the indictment, in a paragraph separate from the two counts naming the charges, alleged that Mr. Tucker had three or more prior convictions for violent felonies, it did not allege what those convictions were for or when and where they were imposed.   (J.A. 10).   Mr. Tucker later pled "straight up" (i.e., without a plea agreement) to both counts of the indictment. (J.A. 19).   At the plea colloquy, Mr. Tucker was neither asked if he in fact had three prior violent felony convictions nor did he otherwise admit that he in fact did. (J.A. 19).   Following the plea, the probation officer designated Mr. Tucker as an armed career criminal pursuant to 18 U.S.C. § 924(e) and calculated Mr. Tucker's advisory guidelines imprisonment range to be 188 to 235 months for the firearm offenses.   (J.A. 65-66).

---

[1]  The prosecutor at Mr. Tucker's arraignment gave the district court a factual basis for the plea that in effect described the neighbor as seeing Mr. Tucker kick in the door to the house, then calling 911, and staying on the phone with the police during the time that Mr. Tucker was inside the house.   (J.A. 20).

Mr. Tucker objected to the armed career criminal enhancement, although his former counsel noted in the objection addendum to the PSR that, despite his client's continued objection, counsel believed that the armed career criminal enhancement applied to Mr. Tucker.    (J.A. 68).

Additionally, the PSR showed that Mr. Tucker, a 47 year old man (he turned 48 before he was sentenced), suffered from an extensive substance abuse history, including significant use of cocaine base (i.e.,"crack").    (J.A. 53, 63).    The only documented period of substance abuse treatment in Mr. Tucker's life was "voluntarily entering the Flynn Home, a half-way house in Wilson, North Carolina, for four months in 2008", and the PSR confirmed that Mr. Tucker was willing to participate in the federal Bureau of Prison's substance abuse treatment programs. *Id.*   Since being released from his last state prison sentence on April 26, 2007, Mr. Tucker had also worked several jobs as a machine operator and a delivery driver notwithstanding his struggles with drug addiction.    (J.A. 64).

The district court sentenced Mr. Tucker on December 10, 2013.    (J.A. 24). At the sentencing hearing, former counsel for Mr. Tucker told the court that, with respect to the sentence, 15 years and 8 months (188 months) "would be long enough to protect society…[a]nd it would also be long enough for him to be rehabilitated in the Bureau of Prisons."    (J.A. 35).    Furthermore, former counsel

6

also pointed out to the district court that Mr. Tucker "has some work history", an argument relating to the history and characteristics of the defendant.

The district court responded only to former counsel's work history argument by saying, "[t]he problem I have with that…is your last statement.   I don't—I'm not arguing with you on what you are asking for as far as time…[Mr. Tucker] has already served seven different terms of incarceration through his years of living, and none of it seems to have deterred him.   His record is just exceedingly long and exceedingly criminal."   *Id*.

Mr. Tucker's former counsel did not address the work history argument any further but instead refocused on and elaborated more about rehabilitation by telling the district court "there is really no effort in the [North Carolina] Department of Corrections to rehabilitate an individual…the [federal] Bureau of Prisons…is different.   And that there will be an effort to rehabilitate him…all the North Carolina Department of Corrections does is house people and then turn 'em loose…the Bureau of Prisons in 15 years and 8 months would give sufficient time for the Bureau of Prisons to rehabilitate him…[h]e'll be—he's 48 now; he'll be 63 years old when he gets out—he'll be my age.   And, at my age, you know, you kind of slow down a bit."   (J.A. 36).

The district court then simply thanked former counsel and commended him

7

on his professional representation in the case.   *Id.*   At that point, Mr. Tucker's former counsel elaborated once again on rehabilitation by adding that Mr. Tucker could get help for his substance abuse problem in the federal Bureau of Prisons and posited that Mr. Tucker's "crimes occurred as a result of [his] substance abuse problem" as established in the PSR.   (J.A. 37).   Former counsel argued that "there was a period of time when [Mr. Tucker] was not using after he got out and, apparently, he stayed out of trouble.   *Id.*   But once he started using again, and then that's when he gets in trouble.   So we would ask for substance abuse treatment."   *Id.*

Again the district court simply thanked Mr. Tucker's former counsel.   *Id.* However, the district court never initiated or otherwise engaged in any kind of back and forth discussion about Mr. Tucker's rehabilitation arguments.   The prosecutor then delivered her arguments focusing on "the history and characteristics of this Defendant along with the nature and circumstances of this offense…" and emphasized to the district court the number of criminal convictions Mr. Tucker had amassed, including previous convictions for breaking and entering. *Id.*   The prosecutor also emphasized the "need for the sentence to promote respect for the law…" and that the North Carolina habitual felon statute "did not deter [Mr. Tucker]…from criminal conduct."   (J.A. 39).   The prosecutor requested a

guideline range sentence but also argued that "[w]e don't feel like the bottom end of the guideline is appropriate for Mr. Tucker."   *Id.*

The district court thanked the prosecutor and told the parties that the court had at that point considered the guideline range "as well as other factors set forth in 18 United States Code Section 3553(a)."   (J.A. 39-40).   The district court then imposed a total imprisonment sentence of 210 months.   (J.A. 40, 45).   After announcing the sentence of imprisonment, the court stated that it imposed that sentence "in the middle of the range based on the plethora of criminal convictions which are not scored and because he has not been deterred by his previous sentences."   (J.A. 41, 70).   After announcing the sentence and its explanation, the district court only then acknowledged one part of Mr. Tucker's rehabilitation argument addressing substance abuse treatment in the federal Bureau of Prisons by recommending "Mr. Tucker be exposed to the most intense drug treatment possible during the term of his incarceration."   (J.A. 41).   The district court's explanation for the sentence did not contain any explanation of why it rejected Mr. Tucker's rehabilitation argument for a lower sentence.   (J.A. 41, 70).

Three days later, Mr. Tucker filed a timely notice of appeal to this Court. (J.A. 50).

## SUMMARY OF ARGUMENTS

I.   Both the Supreme Court and this Court have stressed the importance for district courts to provide individualized statements underlying the sentences they impose.   Those statements must demonstrate that a court has considered not only the parties' arguments as to the appropriate sentence, but also the purposes of sentencing and other factors that it is required to consider pursuant to 18 U.S.C. § 3553(a) and has applied them to the defendant before it.   The district court in this case failed to address in any kind of back and forth discussion with Mr. Tucker's former counsel the non-frivolous rehabilitation arguments for a lower sentence. What little explanation the court gave after imposing an imprisonment sentence of 210 months, consisting only of a brief statement that many of Mr. Tucker's convictions did not score under the advisory guidelines and that he had not been previously deterred by any of his prior sentences—the latter being true of any defendant being sentenced after having any kind of criminal record—could be precisely the explanation any district court could give for imposing the lower sentence that Mr. Tucker specifically asked for, 188 months imprisonment. Therefore, the district court's explanation did not adequately address Mr. Tucker's rehabilitation argument.   As a result of these failings, this Court should vacate Mr. Tucker's sentence and remand this case for a resentencing.

II.    Mr. Tucker's sentence must be vacated because it was error for the district court to increase his mandatory minimum and maximum terms of imprisonment, where the specific allegation of his three prior violent felony convictions was neither admitted to in the plea colloquy nor proven to a jury beyond a reasonable doubt.   The United States Supreme Court's decision last Term in *Alleyne v. United States* has once again cast doubt upon the continued viability of the "prior conviction exception" established in *Almendarez-Torres v. United States*.   Additionally, this Court's decision earlier this month in *United States v. McDowell* also calls into question the continued viability of the *Almendarez-Torres* "prior conviction exception".   The district court's error here was not harmless because, absent the armed career criminal enhancement, Mr. Tucker would have faced a lower statutory, and guideline, imprisonment range. Accordingly, his sentence must be vacated.

## ARGUMENTS

I.  Mr. Tucker's Sentence Is Procedurally Unreasonable Because The Sentencing Judge Did Not Properly Consider All Of His Arguments For A Lower Sentence

*Standard of Review*

After *United States v. Booker*, 543 U.S. 225 (2005), appellate courts review district courts' sentencing decisions for "unreasonableness," i.e., for abuse of discretion.   Appellate review of sentences has two components, one procedural and one substantive.   *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).   Under procedural review, the appellate court must ensure that a district court:

> committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 552 U.S. 38, 51 (2007).   This Court's review of a sentence for procedural unreasonableness thus includes review of the sufficiency of the district court's explanation of the sentence imposed.   *See id.*

A procedural sentencing error claim is preserved, like in this case, when the party at the sentencing hearing draws "arguments from [18 U.S.C.] § 3553 for a

sentence different than the one ultimately imposed" and, therefore, "sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." *United States v. Lynn*, 582 F.3d 572, 578 (4th Cir. 2010).

If a sentence is procedurally unreasonable, then the appellate court does not consider whether it is substantively reasonable. *United States v. Carter*, 564 F.3d 325, 330 n.4 (4th Cir. 2009); *see id.* at 328 ("If, and only if, we find the sentence procedurally reasonable can we 'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'") (quoting *Gall*, 552 U.S. at 51).

*Argument*

At the sentencing hearing, the court failed to adequately address Mr. Tucker's rehabilitation argument under 18 U.S.C. § 3553(a). Indeed, the district court appeared to agree with former counsel's request for a sentence of 188 months at the bottom end of the advisory guideline range. However, without an adequate explanation specifically addressing former counsel's rehabilitation argument before imposing the sentence, the district court imposed a sentence within the advisory guidelines range yielding a total imprisonment term of 210 months, nearly two more years than the sentence Mr. Tucker specifically requested.

13

Accordingly, the district court's sentence must be vacated and the matter remanded for a resentencing.

As is well known, an appellate court may presume that a sentence within the advisory guideline range is reasonable, but, importantly, the sentencing court *cannot* make that presumption. *Rita v. United States*, 551 U.S. 338, 351 (2007). The advisory guidelines are simply "the starting point". *Gall*, 552 U.S. at 49. While the sentencing court does not have to engage in a lengthy sentence explanation, it must account for the sentence it imposes with some "individualized assessment" that both explains the sentence *and* rejects a party's arguments for a lower (or higher) sentence under 18 U.S.C. § 3553(a). *Id*. at 50; *see also Carter*, 564 F.3d at 330.

In considering a sentence that is "sufficient but not greater than necessary", a sentencing court must consider, *inter alia*, the "need for the sentence imposed…to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner…" 18 U.S.C. § 3553(a)(2)(D). Here, Mr. Tucker's former counsel sought a specific sentence of 188 months based on rehabilitation opportunities, under § 3553(a)(2)(D), in the federal Bureau of Prisons—education, job training, medical treatment or counseling, and other correctional treatment—and also made a separate argument

14

that Mr. Tucker's work history, falling under the "history and characteristics of the defendant…" sentencing factor established in 18 U.S.C. 3553(a)(1), would support the sentence requested as well.    (J.A. 35).

Right after receiving Mr. Tucker's arguments for a 188 month imprisonment sentence based mostly on rehabilitation, and in part on work history, the district court only took issue with the work history or "history and characteristics of the defendant" argument when it responded that "[t]he problem I have with that…is your last statement."   *Id*.    The district court simply did not address Mr. Tucker's rehabilitation argument.   Indeed, the sentencing court appeared to agree with former counsel's overall request for a total imprisonment sentence of 188 months by stating "I'm not arguing with you on what you are asking for as far as time…" *Id*.   No dialogue took place between Mr. Tucker's former counsel and the district court that gives assurance that the court acknowledged and understood the rehabilitation argument and then gave a reason for rejecting that argument.   *See Rita*, 551 U.S. at 344-45.   Before imposing the sentence, the only apparent acknowledgement and rejection of any argument Mr. Tucker offered took place solely in the context of Mr. Tucker's work history argument.   (J.A. 35).   In short, the district court's failure to consider Mr. Tucker's rehabilitation argument or explain its rejection of it runs squarely afoul of both the Supreme Court and this

15

Court's repeated directives to do so.    *See Rita*, 551 U.S. at 356; *see also Gall*, 552 U.S. at 356 (explaining that the statement of reasons is important not only for appellate review but also because it gives the public confidence in the sentencing process and helps that process to evolve); *Lynn*, 592 F.3d at 576 (similar).

Mr. Tucker's former counsel elaborated further on his rehabilitation argument by focusing on the superiority of the rehabilitation opportunities in the federal Bureau of Prisons as compared to what former counsel noted was virtually non-existent in the North Carolina Department of Corrections, opportunities that Mr. Tucker had never had before.    (J.A. 36).    The PSR showed that the requested 188 month imprisonment sentence would have been the longest sentence Mr. Tucker had ever served.    (J.A. 55-61).    Mr. Tucker's former counsel made a rehabilitation argument, in part, on the basis that Mr. Tucker would be 64 years old, former counsel's age, at the time he, Mr. Tucker, would be released under a 188 month sentence and touched on the principle that recidivism declines with age[2] by arguing "at my age, you know, you kind of slow down a bit."    (J.A. 36).

---

[2] The United State Sentencing Commission has identified that there is a strong correlation between the increase in age and the decline in recidivism rates, e.g., while recidivism rates for offenders under 21 years old is 35.5 percent, offenders older than age 50 have a recidivism rate of 9.5 percent.    U.S.S.C., *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 12 and Exhibit 9 (May 2004), *available at* www.ussc.gov/research_and_statistics/research_publications/2004/200405_recidivism_criminal_history.pdf (March 30, 2014).

Finally, Mr. Tucker's former counsel finished his rehabilitation argument by stressing that substance abuse treatment programs in the federal Bureau of Prisons could deal with the drug addition that had played a substantial role in Mr. Tucker's criminal history.   (J.A. 37).

While being very respectful and diplomatic during the entire course of Mr. Tucker's arguments by thanking former counsel for his representation of Mr. Tucker in the matter several times, (J.A. 36-37), the sentencing court never took issue with the rehabilitation arguments or gave any reasons as to why those specific arguments were not persuasive despite its obligation to "make[ ] clear that the sentencing judge considered the [defendant's] evidence and arguments" in imposing its sentence.   *Rita*, 551 U.S. at 359.

The only time that it appears the district court explicitly acknowledged Mr. Tucker's rehabilitation argument is *after* imposing the 210-month imprisonment sentence, the sentencing court recommended intensive drug treatment while Mr. Tucker would be incarcerated in the federal Bureau of Prisons.   (J.A. 41); *see Lynn*, 592 F.3d at 584-85 (the sentencing court committed reversible procedural error when the only time defendant's arguments were acknowledged was after the sentence was imposed).

The district court cited its explanation for the 210-month sentence it imposed

17

on Mr. Tucker "based on the plethora of criminal convictions which are not scored and because he has not been deterred by his previous sentences."   (J.A. 41, 70). If a sentencing court were to justify, in the context of § 3553(a) sentencing factors, a 15 year and 8 months sentence for the crimes of possessing a firearm by a felon and possessing a stolen firearm, when the longest imprisonment sentence that the defendant had ever previously served was less than 10 years, (J.A. 55-61), this explanation above is precisely one that a district court could make to support its decision to impose a 15 year and 8 months sentence.   *See Carter*, 564 F.3d at 329 ("the district court could have made precisely the same statements in support of" the requested sentence).   Thus, the explanation given by the sentencing court in this case fails to establish that the court adequately considered and rejected the rehabilitation arguments made by former counsel on behalf of Mr. Tucker.

The party "defending the ruling below", in this case the government, "bears the burden of demonstrating that the error was harmless, i.e. that it "did not have a substantial and injurious effect or influence on the result." *Lynn*, 592 F.3d at 585 (quoting *United States v. Curbelo*, 343 F.3d 273, 278 (4th Cir. 2003) (internal quotations omitted).   There is no "fair assurance" in this case that had the sentencing court adequately considered former counsel's non-frivolous rehabilitation arguments for a 15 year and 8 months sentence that those arguments

would not have impacted the sentence eventually imposed.    *Id*.

The district's court procedural sentencing error prejudiced him significantly to the tune of nearly two more years of incarceration from what he sought.    For these reasons, Mr. Tucker respectfully requests that this Court vacate his sentence and remand for a resentencing.

> II.   Mr. Tucker's Sentence Under 18 U.S.C. § 924(e) Should Be Vacated Because The Specific Allegation Of His Three Prior Violent Felony Convictions Was Neither Admitted In The Plea Colloquy Nor Proven To A Jury Beyond A Reasonable Doubt.

*Standard of Review*

This Court reviews constitutional questions *de novo*.    *United States v. Thompson*, 421 F.3d 278, 280-81 (4th Cir. 2005).

*Argument*

The Sixth Amendment protects criminal defendants against the imposition of enhanced sentences that rest upon proof of facts which have not been admitted by them or proven to a jury beyond a reasonable doubt.    *E.g.*, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).    Here, the government nonetheless failed to demonstrate that Mr. Tucker had the predicate convictions necessary to qualify him as an armed career criminal under 18 U.S.C. § 924(e) because the fact of those specific prior violent felony convictions was neither admitted by him in the plea

colloquy, (J.A. 19), nor proven to a jury beyond a reasonable doubt. [3] Accordingly, the district court's sentence was unconstitutionally imposed and must be vacated and remanded for a resentencing.

On June 17, 2013, the United States Supreme Court decided the case of *Alleyne v. United States*, ___ U.S. ___, 135 S.Ct. 2151 (2013). In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), and held that facts which increase a defendant's mandatory minimum sentence are elements which must be submitted to the jury and found beyond a reasonable doubt. 135 S.Ct. at 2158. *Alleyne's* holding extended the rule first announced in *Apprendi*, *supra*, which answered the same question with regard to facts which increase a defendant's statutory maximum sentence.

Mr. Tucker recognizes that the fact of a defendant's prior convictions–the type of fact at issue here–has heretofore been treated as a narrow exception to the *Apprendi* rule by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). However, the Supreme Court in *Alleyne* once again cast doubt upon the continued applicability of the *Almendarez-Torres* exception by noting that neither party in *Alleyne* "contested" the prior conviction, thus, obviating the Court from a need to

---

[3] The indictment alleged that Mr. Tucker had three prior convictions for violent felonies but did so in a wholly conclusory manner and did not allege what those convictions were for, where they took place, or even when they took place. (J.A. 10).

20

"revisit [the prior conviction question] . . . today."    135 S.Ct. at 2160 n.1.    The

*Alleyne* footnote is but another in a growing line of indications from the Supreme

Court that the days of the *Almendarez-Torres* exception may be numbered.[3]

Mr. Tucker's case illustrates a problem because the alleged prior violent

felony convictions upon which the government sought to increase his sentence

from a maximum of 10 years imprisonment to a mandatory minimum term of 15

years with a new maximum term of life imprisonment were neither admitted to by

him in the plea colloquy nor proven to a jury beyond a reasonable doubt.    Such a

result is not in line with the spirit of the Supreme Court's holding in *Alleyne*, and,

as a result, Mr. Tucker finds it appropriate to raise the issue here, if for no other

reason than to preserve it for further review, especially since earlier this month this

Court called into question the continued vitality of the *Almendarez-Torres*

exception.    *See United States v. McDowell*, No. 13-4370, 2014 U.S. App. LEXIS

4506, *20-21 (4th Cir. Mar. 11, 2014) ("But even as we reject McDowell's Sixth

---

[3] *See, e.g.*, *Shepard v. United States*, 544 U.S. 13, 27-28 (2005) ("[A] majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided.") (Thomas, J., concurring); *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2294 (2013) ("The only reason Descamps' ACCA enhancement is before us is because this Court has not yet reconsidered *Almendarez-Torres*.") (Thomas, J., concurring) (internal quotations omitted); *Apprendi*, 530 U.S. at 488-89 ("Because [Mr.] Almendarez-Torres had *admitted* the three earlier convictions for aggravated felonies…no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court…" still "it is arguable that *Almendarez-Torres* was incorrectly decided…").

21

Amendment claim, we feel bound to acknowledge its force…[a]pplication of the *Almendarez-Torres* exception to this case untethers the exception from its justifications and lays bare the exception's incompatibility with constitutional principles that are by now well settled.").

The district court's error here was not harmless. Mr. Tucker's statutory minimum and statutory maximum sentences increased because of the district court's factual finding, and he received a sentence on one count that exceeded what the maximum sentence would have been without such a finding.

For the foregoing reasons, Mr. Tucker respectfully requests that his sentence be vacated and that the case be remanded for resentencing.

## CONCLUSION

For all of the foregoing reasons, the appellant, Antonio Shakur Tucker respectfully requests that his sentence be vacated and that the case be remanded for a resentencing.

Respectfully submitted this 31st day of March, 2014.

**TARLTON LAW PLLC**

*/s/ Raymond C. Tarlton*
RAYMOND C. TARLTON
North Carolina Bar No. 38784
208 North Harrington Street
Raleigh, North Carolina 27601
(919) 890-3079
tarlton@tarltonlaw.com

22

## STATEMENT REGARDING ORAL ARGUMENT

While counsel for appellant believes that the issues and facts surrounding the first issue that appellant's sentence is procedurally unreasonable is adequately presented in the brief and the record and that the second issue that appellant's alleged prior convictions should have been proven beyond a reasonable doubt before they can be used to increase his statutory minimum and maximum sentence is likely foreclosed by precedent, counsel would like the opportunity to present oral argument if the Court determines that argument would be helpful to it in deciding the case on either or both issues.

*/s/ Raymond C. Tarlton*
RAYMOND C. TARLTON

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(B)(ii) of the Federal Rules of Appellate Procedure and Local Rule of Federal Appellate Procedure 32(b), I hereby certify that this brief contains 5,732 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) and has been prepared in Microsoft Word, Times New Roman, 14 point, a proportionally spaced font.

March 31, 2014

/s/ Raymond C. Tarlton
RAYMOND C. TARLTON

## CERTIFICATE OF SERVICE

I hereby certify on March 31, 2014 that the required copies of the Opening Brief of Appellant and Joint Appendix have been filed with the Fourth Circuit Court of Appeals via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

Jennifer P. May-Parker
OFFICE OF THE UNITED STATES ATTORNEY
Suite 800 Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461
(919) 856-4530
jennifer.may-parker@usdoj.gov

Counsel for Appellee

March 31, 2014

/s/ Raymond C. Tarlton
RAYMOND C. TARLTON